*Cheeley & Joyner, John P. Cheeley, Patrick A. Dawson, Carlock, Copeland, Semler & Stair, Thomas S. Carlock*, for appellants.
*Foltz Martin, Halsey G. Knapp, Jr., Mary L. Walker, Schiff Hardin, Walter H. Bush, Jr.*, for appellees.

## A06A2138. THE STATE v. BRYANT.
### (644 SE2d 871)

JOHNSON, Presiding Judge.

Dwayne Bryant was indicted for trafficking in cocaine, possession of marijuana, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. He moved to suppress evidence seized after his arrest, arguing that the arrest was not supported by probable cause. The trial court granted the motion. The state appeals, asserting that the trial court erred in ruling that the police lacked probable cause to arrest Bryant. We agree and reverse the trial court's judgment.

> When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them. Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

In the instant case, the trial court's order granting the motion to suppress contains no findings of fact. The trial judge did, however, announce his reasoning at the suppression hearing. In that announcement, the only evidence he referred to was testimony presented by the state, apparently finding it to be credible. Nevertheless, the judge concluded as a matter of law that, based on the state's evidence, the arrest of Bryant at the site of a drug transaction arranged by an

---

[1] (Citations and punctuation omitted.) *State v. Hall*, 276 Ga. App. 769 (624 SE2d 298) (2005).

untested confidential informant was premature and without probable cause because that drug transaction had not been consummated prior to the arrest.

Based on the record before us, there are no findings of fact by the trial court that are in dispute or subject to review since the court apparently accepted the state's evidence as credible. Rather, this case involves the trial court's erroneous application of the law to that evidence, and therefore our review of the trial court's ruling is de novo.[2]

Evidence presented at the motion to suppress hearing establishes that a person suspected of selling illegal drugs became a confidential informant and agreed to help a police narcotics unit apprehend the informant's drug supplier. The informant told police that the supplier went by the name "Woo." The informant provided Woo's phone number, which was listed in the informant's cellular phone. The informant then called Woo, and one of the investigators testified that she was able to overhear the conversation, during which the informant arranged to have Woo deliver nine ounces of powder cocaine in exchange for $5,000, plus another nine ounces of cocaine that the informant would pay for later.

The informant told police that the meeting would take place at a spot near Woo's house that he and Woo use "all the time." The informant explained that Woo would pull up in a car, flash his headlights and stop on the driver's side of the informant's vehicle. The informant would then give Woo a paper bag containing the money, and Woo would give him the drugs. The informant further explained that if a car pulled up behind Woo, then Woo would drive off, circle around and come back to complete the drug deal.

One of the narcotics unit officers testified that he knows from his prior work on a federal drug task force that Woo is actually Bryant, that he knows of Bryant's prior criminal record and that he knows where Bryant lives. After the informant had arranged to buy the drugs from Woo, the police showed him a photograph of Bryant, and the informant identified Bryant as his drug supplier Woo.

Thereafter, the police put Bryant's house and the site of the arranged drug transaction, which is less than a mile from the house, under surveillance. The informant drove to the site with an undercover officer riding along in his vehicle. Before arriving at the site, Bryant twice called the informant and asked where he was, and the informant said he was on his way. The informant and the undercover officer arrived at the site a short time later.

---

[2] See *McDaniel v. State*, 263 Ga. App. 625, 626-627 (1) (588 SE2d 812) (2003).

The officers watching Bryant's house saw a dark sport utility vehicle (SUV) leave the residence and head toward the drug deal site. The driver of the dark SUV stopped at a stop sign near the site, blinked his headlights, and then pulled up next to the driver's side of the informant's vehicle. The undercover officer in the vehicle saw that Bryant was driving the SUV and leaned over to hand him a bag of money. Before Bryant could take the money, an undercover police car pulled up behind Bryant's SUV, and Bryant drove away.

The police immediately stopped Bryant's vehicle. An officer approaching the vehicle saw a handgun in plain view on the driver's side. Bryant was removed from the vehicle and placed in handcuffs. During a subsequent search of the vehicle, police found suspected cocaine and marijuana.

Probable cause for a warrantless arrest exists where police have enough reliable information that a prudent person would believe the accused has committed a crime.[3]

> The legality of a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a suspect had committed or was committing an offense.[4]

The dispositive issue in this case is whether the information provided by the informant was sufficiently trustworthy to give the officers probable cause to arrest Bryant. Contrary to the finding of the trial court, the information was sufficiently reliable under the totality of the circumstances.

> [W]hen probable cause is based, at least in part, upon information supplied by an informant, the state must demonstrate that the information is reliable. The information, however, is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the

---

[3] *Brown v. State*, 262 Ga. 728, 729 (2) (a) (425 SE2d 856) (1993).
[4] (Citation and punctuation omitted.) *McDaniel*, supra at 627 (1).

overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.[5]

Here, the basis of the informant's information was reliable in that one of the investigating officers overheard him arrange a drug transaction with his supplier, who was later identified as Bryant. And while it is true that this informant had no prior history of providing information to the police, he proved his reliability by agreeing to cooperate with the police, by providing information about Bryant and by calling Bryant to set up the purchase of cocaine.[6] Moreover, every detail of the information he provided was corroborated by the officers' own observations. Officers saw Bryant leave his house and drive to the location of the arranged drug transaction, saw Bryant blink his headlights when he arrived at the location, saw Bryant pull up to the driver's side window of the informant's vehicle, and saw Bryant drive away when another car pulled up behind him. Thus, this is not a case in which police improperly relied on uncorroborated information from an unknown informant.[7]

Because the police had probable cause to suspect that Bryant had cocaine in his vehicle, they lawfully arrested him without a warrant. The trial court's order granting Bryant's motion to suppress based on the erroneous legal conclusion that the police lacked probable cause to suspect Bryant of committing an offense must therefore be reversed.

*Judgment reversed. Ellington, J., concurs. Miller, J., concurs in the judgment only.*

DECIDED MARCH 29, 2007 —
RECONSIDERATION DENIED APRIL 11, 2007 — 

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Ayana C. Curry, Assistant District Attorneys*, for appellant.
*Lawson & Thornton, George O. Lawson, Jr.*, for appellee.

---

[5] (Citations and punctuation omitted.) Id. at 628 (1).

[6] See *Tucker v. State*, 261 Ga. App. 567, 568 (583 SE2d 233) (2003).

[7] *McDaniel*, supra.