A08A1361. LOPEZ v. THE STATE.
(664 SE2d 866)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Johnny Garcia Lopez appeals his conviction for trafficking in methamphetamine, arguing that the court erred in denying his motion to suppress contraband found on his person during a search incident to an arrest. He claims that police did not have probable cause to arrest him without a warrant. We hold that the information supplied by an informant authorized the arrest where several indicia supported the informant's reliability; accordingly, we affirm.

When reviewing a trial court's ruling on a motion to suppress, we apply the "any evidence" standard:

> A trial court's order on a motion to suppress will not be disturbed if there is any evidence to support it, and the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. We construe all evidence presented in favor of the trial court's findings and judgment.

(Punctuation omitted.) *Fleming v. State*.[1] See *Tate v. State*.[2]

So construed, the evidence shows that police arrested and charged a well-known drug dealer with trafficking in methamphetamine. Seeking leniency, the dealer offered to provide police information as to his supplier, which offer police accepted. With an officer present and supervising the phone call, the dealer phoned his supplier, who lived in Sandy Springs and went by the name "Jose," and set up a drug buy at a Waffle House parking lot in Stockbridge. The dealer informed the officer that the drug buy would take place later that evening, and that his supplier was a young Hispanic male who would drive up in a dark-colored mid-to-late 90s model Mustang vehicle. Around 9:00 p.m., the supplier called the dealer and said he was getting off the freeway and within moments would be at the Waffle House parking lot; the dealer told the supplier to pull into the parking lot and wait (where, unbeknownst to the supplier, the dealer was already sitting with police in a vehicle).

Within moments, police saw a dark purple late 90s model Mustang vehicle drive into the parking lot with tinted windows and a male driver and park next to the undercover vehicle in which the dealer was sitting. The dealer confirmed to police that the driver of the vehicle was the supplier and that the dark Mustang was the supplier's vehicle. Two marked police cars approached, whereupon the driver of the Mustang put his car in reverse, only to be blocked in by the police vehicles. Police immediately arrested the driver, who was Lopez, and during the search incident to the arrest, found five ounces of methamphetamine on Lopez's person.

Indicted for trafficking in methamphetamine,[3] Lopez moved to suppress the evidence found during the search incident to the arrest, claiming that the police lacked probable cause to effect a warrantless arrest. The court denied the motion, finding that probable cause supported the arrest. Lopez was found guilty of the charged offense

---

[1] *Fleming v. State*, 282 Ga. App. 373, 374 (638 SE2d 769) (2006).

[2] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[3] OCGA § 16-13-31 (e).

in a stipulated bench trial, in which the court relied on the evidence from the motion to suppress hearing. Lopez appeals.

Lopez contests only the ruling on the motion to suppress. He argues that the police lacked probable cause to arrest him, for the dealer was an unreliable informant in that he had no track record in providing police with information and in that the police corroborated none of his story. We disagree.

To make a legal warrantless arrest, the police were required to have probable cause to believe that Lopez had committed or was committing a felony:

> The legality of a warrantless arrest depends upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that a suspect had committed or was committing an offense.

(Punctuation omitted.) *Fleming*, supra, 282 Ga. App. at 375 (1). Furthermore,

> when probable cause is based, at least in part, upon information supplied by an informant, the [S]tate must demonstrate that the information is reliable. The information, however, is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

(Citation and punctuation omitted.) *McDaniel v. State*.[4] We will address these two factors seriatim.

The basis of the informant's knowledge here was self-evident. This informant was a well-known drug dealer who necessarily would have a source that supplied him with methamphetamine. He had personally purchased methamphetamine from a supplier before and would therefore have the means of setting up a drug buy and of recognizing the supplier. He set up the proposed drug buy under the supervision of police. This factor weighed in favor of probable cause

---

[4] *McDaniel v. State*, 263 Ga. App. 625, 628 (1) (588 SE2d 812) (2003).

that the person coming to supply him with methamphetamine would have methamphetamine in that person's possession. See *Graddy v. State*[5] (facts based on personal experiences of informant makes information more credible); *Evans v. State*[6] (recent purchases of drugs from a dealer lends to buyer's credibility regarding drugs being in possession of the dealer).

The second factor is the informant's reliability or veracity. Even though the informant here did not have a previous track record of providing reliable information to police, several other facts indicated that he was reliable. First, the informant had been charged with trafficking and was in the hands of police. Telling police he could lead them to his supplier was an inculpatory statement regarding the indicted offense.

> When one makes an admission against his own penal interest, he tends to be telling the truth. Moreover, should he lie to the police, the person admitting a crime risks disfavor with the prosecution. One who knows the police are already in a position to charge him with a serious crime will not likely undertake to divert the police down blind alleys. We thus are satisfied that an admission against penal interest may form the basis for a . . . conclusion that an informant is reliable.

(Punctuation omitted.) *Graddy*, supra, 277 Ga. at 766 (1). Thus, in terms of providing probable cause for an arrest, the admissions against penal interest of a known informant in the hands of police (even though that informant's name is not disclosed at the trial of the accused) are valuable facts indicating that the informant is telling the truth and is reliable. See *Cochran v. State*[7] ("if CI, as an informant known to the police, told them that he was participating in such an illegal activity, CI would be making a statement against his penal interest, which elevates the reliability of that statement"); *Evans*, supra, 263 Ga. App. at 576 (2) (b) ("an in-custody statement against interest is more likely to be reliable than the statement of an anonymous tipster whose motivations are not" known).

Second, the informant here proved his reliability by meeting with the police officers and "putting himself on the line" by setting up the drug purchase and by personally being at the scene and informing police there that the man in the dark Mustang was the supplier. See *McDaniel*, supra, 263 Ga. App. at 628 (1). Such

---

[5] *Graddy v. State*, 277 Ga. 765, 766 (1) (596 SE2d 109) (2004).
[6] *Evans v. State*, 263 Ga. App. 572, 576 (2) (b) (588 SE2d 764) (2003).
[7] *Cochran v. State*, 281 Ga. 4, 6 (635 SE2d 701) (2006).

cooperation in setting up a drug buy is another indication of reliability. *State v. Bryant.*[8]

Third, if the information provided by the informant "is detailed enough to provide some basis for predicting the future behavior of the suspect, reliability may be established if the details are corroborated by the observations of police." (Punctuation omitted.) *Smith v. State.*[9] Here the informant told police in advance the make, approximate model year, and color of the car the supplier would be driving, the location at which the car would be arriving, the gender of the supplier who would be driving the vehicle, and the time of the vehicle's arrival (the supplier would arrive within moments after the informant received the phone call). Police were able to personally witness and corroborate each of these details, which lent credibility to the informant's claim that the supplier was bringing drugs to the location. See *State v. Burnett*[10] (reliability shown in part by informant's knowledge of (i) the make and color of the car in which the suspect would be arriving and (ii) the location of his arrival). See also *Bryant*, supra, 284 Ga. App. at 870 (details of information were corroborated by officers' own observations); *McDaniel*, supra, 263 Ga. App. at 628 (1) (using personal observation, police corroborated informant's information, showing reliability).

In addition to the above facts which showed the informant's source of knowledge and his reliability, another fact combined to give police probable cause to arrest Lopez. When police approached the vehicle, Lopez attempted to flee, only to be thwarted by police. "Such furtive behavior not only validates the tip but is another factor to be taken into account in determining whether probable cause exists." *Burnett*, supra, 249 Ga. App. at 337 (2). See *Moore v. State*[11] ("before the sergeant made any effort to arrest or even question the appellant[,] he resorted to flight. Flight in connection with other circumstances has been held to be sufficient to constitute probable cause for arrest without a warrant") (punctuation omitted).

As there was evidence upon which the trial court could rely in finding that police had probable cause to arrest Lopez, we will not disturb the trial court's order denying the motion to suppress the contraband found on Lopez during the search incident to his arrest.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

---

[8] *State v. Bryant*, 284 Ga. App. 867, 870 (644 SE2d 871) (2007) (physical precedent only).

[9] *Smith v. State*, 237 Ga. App. 616, 618-619 (2) (516 SE2d 319) (1999).

[10] *State v. Burnett*, 249 Ga. App. 334, 337 (2) (548 SE2d 443) (2001).

[11] *Moore v. State*, 155 Ga. App. 721, 722 (1) (272 SE2d 575) (1980).

DECIDED JULY 7, 2008.

*Steven E. Lister*, for appellant.
*Tommy K. Floyd, District Attorney, Sandra G. Rivers, Assistant District Attorney*, for appellee.