A08A1098. MALOY v. THE STATE.
(667 SE2d 688)

JOHNSON, Presiding Judge.
Following a bench trial, Calvin Coolidge Maloy, Jr., was convicted of possession of marijuana with the intent to distribute, possession of drug-related objects, and a taillight violation (OCGA §§ 16-13-30 (b);

16-13-32.2; and 40-8-23).[1] Maloy appeals, claiming that the trial court erred in denying his motion to suppress. We discern no error and affirm.

In reviewing a trial court's denial of a motion to suppress, our task is to ensure that there was a substantial basis for the court's decision.[2] We construe the evidence most favorably to uphold the judgment, and we accept the court's findings on disputed facts and credibility unless they are clearly erroneous.[3] "Further, since the trial court sits as the trier of fact, its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them."[4]

So viewed, the record shows that on February 12, 2007, Deputy James Bruhl with the Dawson County Sheriff's Department initiated a traffic stop on a vehicle with a broken taillight. Maloy, who was the driver and sole occupant of the vehicle, provided Bruhl with his driver's license, and Bruhl reported Maloy's license number to dispatch. After dispatch informed Bruhl that Maloy was the subject of "possible" outstanding warrants in Fulton County, Bruhl asked Maloy to exit the vehicle and handcuffed him.

At approximately 9:09:05 p.m., which was within four to five minutes after dispatch first notified Bruhl about the possible outstanding warrants, dispatch informed Bruhl that they could not confirm the existence of any valid warrants. Bruhl asked dispatch to confirm, and at approximately 9:09:36 p.m., dispatch confirmed that either the warrants were invalid or that Fulton County did not wish to extradite Maloy.

While Bruhl was contacting dispatch regarding the warrants, Sergeant Joseph Boggus, a certified Drug Recognition Expert who had arrived at the scene, was questioning Maloy. Boggus observed that Maloy's eyes were bloodshot and watery, that his eyelids were droopy, and that he displayed "relaxed inhibitions." Boggus asked Maloy if there was marijuana in his vehicle, and Maloy told him that there was not. Boggus then asked if he could look inside the vehicle, and Maloy consented at approximately 9:09:51 p.m.

Based on the confirmation that he had received from dispatch some 30 seconds previously, Bruhl approached Maloy and began to remove his handcuffs at approximately 9:10:05 p.m. After Maloy's handcuffs were removed, Boggus commenced a search of Maloy's vehicle, which resulted in the seizure of approximately 15 bags of

---

[1] For sentencing purposes, the trial court merged the conviction for possession of drug-related objects with the conviction for possession with intent to distribute.

[2] *Gilbert v. State*, 245 Ga. App. 809, 810 (539 SE2d 506) (2000).

[3] Id.

[4] (Citation and footnote omitted.) Id.

marijuana with a total weight of 306.4 grams. Following Maloy's arrest, a search of his person yielded another bag of marijuana with a weight of 1.2 grams and $1,970 in cash.

1. Maloy claims that the trial court erred in denying his motion to suppress because the officers impermissibly extended the scope of the traffic stop by detaining him after dispatch informed Bruhl that the warrants were invalid. Because we find that the traffic stop was not impermissibly extended, we disagree.

Maloy contends that the traffic stop should have concluded when Bruhl was notified that the warrants were invalid and that any questioning of Maloy following such time was improper. However, during the 15 seconds between the time that dispatch reconfirmed to Bruhl the status of the warrants and the time that Maloy consented to a search of his vehicle, Boggus was questioning Maloy based on his suspicion that Maloy was under the influence of a controlled substance.

"Georgia law recognizes that law enforcement officers may briefly detain suspects for the purpose of continued investigation based upon reasonable suspicion without violating the Fourth Amendment."[5]

> To satisfy this "reasonable suspicion" standard, the officer's investigation must be justified by specific articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Articulable suspicion requires a particularized and objective basis for suspecting that a citizen is involved in criminal activity. Although this suspicion need not meet the higher standard of probable cause, it must be more than a mere caprice or a hunch.[6]

Here, Boggus' suspicion was not based on mere caprice or hunch, but rather on specific physical manifestations that, based on his training as a certified Drug Recognition Expert, led him to believe that Maloy was under the influence of a controlled substance. As a result, the trial court did not err in finding that the continued detention of Maloy was permissible.[7]

2. Maloy also claims that his consent to a search of his vehicle was invalid because it was not voluntarily given. Whether consent is voluntarily given generally is a question of fact for the trial court.[8]

[5] (Citation and punctuation omitted.) *Long v. State*, 271 Ga. App. 565, 569 (2) (610 SE2d 74) (2005).

[6] (Citation omitted.) *State v. Whitt*, 277 Ga. App. 49, 50 (625 SE2d 418) (2005).

[7] See *Cullingham v. State*, 242 Ga. App. 499, 499-500 (1) (529 SE2d 199) (2000).

[8] *Pollard v. State*, 265 Ga. App. 749, 751 (2) (595 SE2d 574) (2004).

The trial court should consider the totality of the circumstances, "including such factors as the age of the accused, his education, his intelligence, the length of detention, whether the accused was advised of his constitutional rights, the prolonged nature of questioning, the use of physical punishment, and the psychological impact of all these factors on the accused."[9]

Here, the trial court heard the testimony of the police officers and watched a videotape of the traffic stop and subsequent search that were not included in the record on appeal. While Maloy was handcuffed at the time he consented to the search and remained in handcuffs for approximately 15 seconds after such consent was given, this Court has held that voluntary consent may be given while a suspect is handcuffed.[10] The trial court also considered that Maloy had been specifically questioned as to the presence of marijuana in the vehicle and knew why Boggus requested his consent to search. Since evidence supported the trial court's conclusion that Maloy's consent was voluntarily given and "not the product of coercion, duress, or deceit," its denial of Maloy's motion to suppress was not clearly erroneous.[11]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 23, 2008.

*Richard J. Silver*, for appellant.
*Lee Darragh, District Attorney, Jennifer D. Hart, Assistant District Attorney*, for appellee.

---

[9] (Citation omitted.) *Martinez v. State*, 239 Ga. App. 662, 663 (522 SE2d 53) (1999).
[10] See, e.g., *Green v. State of Ga.*, 250 Ga. App. 440, 442 (2) (550 SE2d 736) (2001).
[11] See *Woodruff v. State*, 233 Ga. 840, 844 (3) (213 SE2d 689) (1975).