**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 8, 2013**

# In the Court of Appeals of Georgia

A13A1088. BLITCH v. THE STATE.

MILLER, Judge.

Edwin Blitch was charged with possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)). Trial counsel moved to suppress the cocaine seized during a warrantless search of Blitch's vehicle, and following a hearing, the trial court took the matter under advisement. The trial court did not issue a ruling on Blitch's motion, and at Blitch's trial, the recovered cocaine was admitted into evidence without objection from trial counsel. Blitch was convicted of the charged offense, and he appeals from the denial of his motion for new trial, contending that trial counsel was ineffective for failing to preserve his objections to the legality of the warrantless search. We discern no error and affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010). So viewed, the evidence showed that in October 2005, the Bulloch County Sheriff's Office received information that Thomas Webb was selling cocaine at a local fair. An undercover police officer contacted Webb and arranged to buy cocaine from him. Following his sale of cocaine to the undercover officer, Webb was arrested. Webb agreed to cooperate with the police, and he revealed that an individual known as "Big Man" supplied him with cocaine. Using Webb's cell phone, the officers called Big Man, gave the phone to Webb, and directed Webb to arrange for the delivery of $200 worth of crack cocaine to a convenience store located near the fairgrounds. The officers overheard Webb's conversation with Big Man, who agreed to meet Webb at the designated area within ten minutes. The officers then quickly set up a surveillance team in the area of the convenience store.

While the police officers waited, they placed additional phone calls to Big Man to determine his location. During the last phone call, Big Man advised Webb that he was about to pull his vehicle, a Lincoln, into the parking lot of the convenience store.

Around the same time, officers observed a green Lincoln Town Car drive slowly through the parking lot. The officers closed in on and pursued the vehicle. The officers subsequently stopped the vehicle and identified Blitch as the driver. Blitch was informed of the reason for the stop, removed from the vehicle, and handcuffed. An officer then asked for and obtained Blitch's consent to search the vehicle. During the search, officers found crack cocaine packed in small Ziploc bags and located in the center console. Blitch was charged and convicted of possession of cocaine with intent to distribute.

On appeal, Blitch contends that trial counsel was ineffective for failing to preserve his objections to the legality of the warrantless search of his vehicle when, after the trial court reserved ruling on his motion to suppress, trial counsel failed to object to the admission of the evidence seized from that search. Blitch argues that the police officers lacked probable cause to conduct the warrantless search because the information they ascertained gave them only a reasonable suspicion that he was involved in criminal activity. We disagree.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant "must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the

3

deficient performance." (Citation and punctuation omitted.) *Devega v. State*, 286 Ga. 448, 450 (4) (689 SE2d 293) (2010). When a defendant bases his claim of ineffective assistance upon the failure to preserve a motion to suppress, the defendant must make a strong showing that if trial counsel had preserved the issue, the damaging evidence would have been suppressed. See *Fernandez v. State*, 275 Ga. App. 151, 156-157 (3) (b) (619 SE2d 821) (2005). As shown below, Blitch has failed to meet this burden.

Preliminarily, we note that Blitch consented to the search of his vehicle. Blitch argues that his consent was not voluntary because he was in handcuffs at the time. However, "voluntary consent may be given while a suspect is handcuffed." (Footnote omitted.) *Maloy v. State*, 293 Ga. App. 648, 651 (2) (667 SE2d 688) (2008). Prior to giving consent, Blitch was informed of the reason for the stop, and therefore he knew why the officer requested his consent to search. See id. There is no evidence that Blitch's consent was the product of coercion, duress, or deceit. Consequently, Blitch has failed to show that his consent was invalid, see id., or that his motion to suppress would have been granted in light of this evidence.

Even if Blitch's consent was not voluntarily given, the officers nevertheless had probable cause to search his vehicle.

4

Although the general rule under the Fourth Amendment to the United States Constitution is that police officers must secure a warrant prior to conducting a search, there is an exception to that requirement for the searches of automobiles. The automobile exception provides that a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant.

(Footnotes and punctuation omitted.) *Brown v. State*, 311 Ga. App. 405, 407 (2) (715 SE2d 802) (2011). "Because there is no exigency requirement in this context, the warrantless search of an automobile will be upheld so long as there was probable cause to suspect it contained contraband, even if the driver was arrested and handcuffed and the keys were taken from him before the car was searched." (Citations, punctuation, and footnote omitted.) *State v. Sarden*, 305 Ga. App. 587, 589 (699 SE2d 880) (2010).[1] An officer has probable cause to search an automobile

[1] The State contends that the search was authorized as a search incident to arrest. However, the United States Supreme Court has limited the search-incident-to-arrest exception to those situations where "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or where "it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." (Citation and punctuation omitted.) *Arizona v. Gant*, 556 U.S. 332, 343 (III) (129 SCt 1710, 173 LE2d 485) (2009). Given that Blitch had been handcuffed, was outside his vehicle, and, therefore, could not access his car to retrieve evidence at the time it was searched, the search was not permitted as a search incident to arrest. See *Sarden*, supra, 305 Ga. App. at 589, n.1. Nevertheless, the automobile exception is a separate and distinct rationale for upholding the search of a vehicle under the Fourth Amendment. See *Gant*, supra, 556. U.S. at 347 (IV) (reaffirming the viability of the automobile exception).

when the totality of the facts and circumstances would cause a reasonably prudent person to believe that contraband was present in the vehicle. See *Brown*, supra, 311 Ga. App. at 407-408 (2). Additionally,

> when probable cause is based, at least in part, upon information supplied by an informant, the State must demonstrate that the information is reliable. The information, however, is not to be judged by any rigid test. Generally, probable cause is determined by the totality of the circumstances surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

(Citation, punctuation, and footnote omitted.) *Lopez v. State*, 292 Ga. App. 518, 520 (664 SE2d 866) (2008).

Here, the facts and circumstances before the police officers gave them probable cause to search Blitch's vehicle. While the police officers developed probable cause based, in part, upon the information provided by an informant, the informant in this case had a sufficient basis of knowledge and was reliable. Webb's basis of knowledge was self-evident because, as a seller of cocaine, he would necessarily have a source who supplied him with cocaine and had the means of setting up the drug transaction. See *Lopez*, supra, 292 Ga. App. at 520. Webb set up the proposed drug transaction

6

under police supervision, and "[t]his factor weighed in favor of probable cause that the person coming to supply him with [cocaine] would have [cocaine] in that person's possession." (Citation and footnote omitted.) Id. at 520-521. Additionally, by telling officers that he would lead them to his suppliers and by agreeing to set up the drug buy, Webb proved his reliability. *Lopez*, supra, 292 Ga. App. at 521-522 (an individual under arrest who makes inculpatory statements and coordinates drug buy is a fact indicating reliability).

Moreover, Webb's reliability was established because the information he provided was corroborated by the police officers. See *Lopez*, supra, 292 Ga. App. at 522 (an informant's information predicting the future behavior of a suspect may establish reliability where the details are corroborated by police). The officers overhead Webb's telephone conversations with Blitch, including the last conversation where Blitch stated that he would soon be arriving at the convenience store where the drug buy was to take place and that he would be driving a Lincoln. Shortly after the phone call, the police officers observed Blitch driving a Lincoln in the parking lot of the convenience store within the approximate time when the drug transaction was to take place. Considering the totality of the circumstances, the officers had probable cause to conduct a warrantless search of Blitch's vehicle. See, e.g., *Lopez*, 292 Ga.

App. at 522; *Stanford v. State*, 251 Ga. App. 87, 89-90 (1) (553 SE2d 622) (2001) (probable cause present when officers observed the defendant driving a vehicle matching the description given by the informant to the location supplied by the informant and within close proximity of the time the informant predicted); *Britt v. State*, 208 Ga. App. 157, 158 (430 SE2d 28) (1993) (officers developed probable cause where they observed a truck matching the description given by an informant at the exact location where a drug buy was to take place).

Based on the foregoing, Blitch cannot establish that his motion to suppress would have been granted had counsel not waived the issue. Therefore, his ineffective assistance claim fails.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*