74700. McKINNEY v. THE STATE.
(362 SE2d 65)

POPE, Judge.

Defendant appeals from a conviction for possession of cocaine with intent to distribute. The evidence shows on August 30, 1985 an officer with the Macon Police Department received a tip from a confidential informant that a cocaine deal was to take place that evening in middle Georgia, possibly around Macon. The deal was to involve Jerry Rutledge, a Macon resident known to the officer, and someone traveling from Florida on the interstate highway in a white Ford automobile rented out of Cincinnati, Ohio. According to the informant, the individuals were to meet, possibly at a motel, where the one trav-

eling from Florida would drop off a sizable amount of cocaine and would continue north carrying more cocaine to Cincinnati. The officer also received information from law enforcement officials in Cincinnati.

In response to these tips, a surveillance team was assigned to follow Rutledge. At around 8:00 p.m. Rutledge left his residence in a pick-up truck and traveled to a motel in Forsyth where he took a room. According to the officers following Rutledge, the circuitous route he took and the maneuvers he made en route to the motel were consistent with one attempting to "clean himself" to discover if he was being followed. The officers learned from the motel clerk that Rutledge had given an Ohio address and tag number when he registered for a room, even though the vehicle he was driving bore a Georgia license plate. At the motel Rutledge walked around the premises and made several trips to the parking lot to look around.

At approximately 1:00 a.m. defendant McKinney pulled into the parking lot of the motel in front of Rutledge's room. He was driving a white Ford registered to an automobile rental agency in Cincinnati. Defendant carried a dark suitcase into Rutledge's room, stayed approximately twenty minutes, returned to the Ford with the suitcase and left the motel traveling north on Interstate 75. Rutledge left the motel traveling south.

One group of officers followed Rutledge while another group followed defendant. The officers stopped defendant about one mile north of the motel. As they pulled him over they received word over the radio that Rutledge was pouring a powdery white substance out the window of his truck as officers attempted to stop him. Once defendant was removed from the automobile, the officers opened the trunk and found several pieces of luggage and a briefcase. The officers opened one of the suitcases and found a grey fiberboard box containing balance scales, bottles and vials. Based upon considerable training and experience, the officers believed this box to be a cocaine test kit. An officer then opened the briefcase and found several plastic bags of a white powdery substance later confirmed to be cocaine. The search was conducted without a warrant.

1. We reject defendant's argument that the search of his automobile was made without probable cause. The confidential informant had supplied information to the officers on between five and ten previous occasions. All previous information was reliable and had resulted in seizure of contraband or arrest. Therefore, the information met the test of reliability. Defendant argues the information was insufficient to support a warrantless search because the source of the informant's information was undisclosed. The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the "totality of the circumstances" surrounding (1) the basis of the informant's knowledge

and (2) the informant's veracity or reliability. *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983). "[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." Id. at 233. Here, any deficiency in the basis of the informant's knowledge was adequately compensated by the informant's previous record of reliability. Moreover, the details of the tip were corroborated by the personal observation of the investigating officers. When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search. See *Draper v. United States*, 358 U. S. 307 (79 SC 329, 3 LE2d 327) (1959).

2. We also reject defendant's claim that the circumstances did not support a warrantless search of the automobile. It is well settled by *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925), and its progeny that an "automobile exception" to the warrant requirement of the Fourth Amendment applies to the search of a vehicle as to which there is probable cause to believe it contains contraband.

Defendant argues that the automobile exception to the warrant requirement is not applicable under the facts of this case because there existed no exigent circumstances requiring an immediate search. Citing several earlier opinions of this court, defendant argues any exigent circumstances which might otherwise arise in a case involving the search of an automobile were dispelled by the fact he was placed under arrest and handcuffed and the keys to the automobile were taken from him before the automobile was searched. See *McKinney v. State*, 155 Ga. App. 930 (1) (273 SE2d 888) (1980); *Buday v. State*, 150 Ga. App. 686 (3) (258 SE2d 318) (1979); *Hardwick v. State*, 149 Ga. App. 291 (5) (254 SE2d 384) (1979); *Love v. State*, 144 Ga. App. 728 (242 SE2d 278) (1978). In these earlier opinions this court did not address the holding of the United States Supreme Court in *Chambers v. Maroney*, 399 U. S. 42 (90 SC 1975, 26 LE2d 419) (1970), which states: "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." 399 U. S. at 52, supra. Moreover, since the dates these earlier cases were decided, the United States Supreme Court has upheld a warrantless search of an automobile where there was probable cause to suspect it contained contraband even though, as in the case at hand, the driver was arrested and handcuffed and the keys were taken from him before the car was searched. *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982); accord *United States v. Johns*,

469 U. S. 478 (105 SC 881, 83 LE2d 890) (1985); *Michigan v. Thomas*, 458 U. S. 259 (102 SC 3079, 73 LE2d 750) (1982). To the extent the opinions in *McKinney, Buday, Hardwick* and *Love*, supra, require "exigent circumstances" to justify a warrantless search for contraband where police officers have probable cause to believe there is contraband inside an automobile which has been stopped on the road, they are overruled.

3. Finally, defendant argues the trial court erred in refusing to suppress evidence discovered during the warrantless search of luggage found in the automobile. "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U. S. at 825, supra. Defendant's reliance upon *Arkansas v. Sanders*, 442 U. S. 753 (99 SC 2586, 61 LE2d 235) (1979), is misplaced. In *Sanders* "it was the *luggage* . . . not the automobile in which it was being carried, that was the suspected locus of the contraband." Id. at 767 (Burger, C. J., and Stevens, J., concurring). *Sanders* was not truly an "automobile exception" case simply because a container (luggage) suspected of containing contraband had been placed in a vehicle (a taxi) not otherwise believed to be containing contraband. By the same token, the case at hand is not removed from the scope of the automobile exception simply because, among several containers found in an automobile, there was particular reason to suspect one of the containers contained contraband. The circumstances surrounding this case establish probable cause for suspecting the automobile, not just a particular piece of luggage, contained contraband. As the United States Supreme Court noted in *Ross*, 456 U. S. at 821 n. 28, supra: "[P]rohibiting police from opening immediately a container in which the object of the search is most likely to be found and instead forcing them first to comb the entire vehicle would actually exacerbate the intrusion on privacy interests. Moreover, until the container itself was opened the police could never be certain that the contraband was not secreted in a yet undiscovered portion of the vehicle. . . ." Instead, the Supreme Court held that where there exists probable cause for believing an automobile contains contraband, a search of the entire vehicle and its contents, including luggage and other containers, is justified. *Ross*, supra at (IV). See also *Medlin v. State*, 168 Ga. App. 551 (2) (309 SE2d 639) (1983); *State v. Key*, 164 Ga. App. 411 (296 SE2d 60) (1982).

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Carley, Sognier, Benham, and Beasley, JJ., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED OCTOBER 22, 1987.

*William C. Randall,* for appellant.
*E. Byron Smith, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.