77579. PITTMAN v. THE STATE.
(377 SE2d 695)

BENHAM, Judge.

Appellant was convicted of possession of cocaine; possession of marijuana with intent to distribute; obstruction of law enforcement officers with threat of violence; obstruction of law enforcement officers; possession of a firearm during commission of a felony; carrying a concealed weapon; and carrying a weapon without a license. On appeal, he raises two enumerations of error. Finding no such errors, we

affirm the judgment of conviction.

1. After the jury had been struck and sworn, appellant moved for a mistrial, contending that the State's striking of the two black venirepersons because they knew appellant was a violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). Our Supreme Court has held that "any claim under *Batson* should be raised prior to the time the jurors selected to try the case are sworn." *State v. Sparks*, 257 Ga. 97, 98 (355 SE2d 658) (1987). Since appellant's motion was not timely made, we cannot consider its merits. Compare *Adams v. State*, 186 Ga. App. 599 (2) (367 SE2d 871) (1988).

2. Appellant contends that because he was the victim of an illegal arrest, search, and seizure, the evidence obtained thereby, packets of marijuana and drug paraphernalia, should have been suppressed. We disagree. The record shows that a confidential informant who previously had given reliable information told police that appellant was dealing cocaine out of his car. The informant also provided additional specific information about appellant's illegal activities. The officers attempted to corroborate the information by going to the place where a sale was allegedly to take place. There they saw appellant, who fit the description the informant had given them, and who gave the officers three false names when they tried to identify him. The officers also observed three small, brown envelopes protruding from appellant's shirt pocket, as the informant had said they would be. When the officer said that appellant was, in fact, "Ralph," appellant ran away and then turned on the officer with a .38 pistol. He was subsequently apprehended and arrested, and his person and vehicle were searched. The search revealed quantities of marijuana, cocaine, and other drug paraphernalia. While the record indicates that it may have been possible for the officers to have obtained a search warrant since the magistrate's house was located some 500 yards from where the search took place, one of the officers testified that he did not do so because he felt he had to corroborate the informant's information by observing appellant to see if he was going to do the things the informant had said he would do. "[I]n this case it appeared that the officer delayed taking action in order to verify the information he received . . . . Under the circumstances of this case, we find that the failure to obtain a search warrant was not fatal." *Collins v. State*, 161 Ga. App. 546, 548 (287 SE2d 708) (1982). A substantial basis for probable cause did exist. *Butler v. State*, 185 Ga. App. 478 (1) (364 SE2d 612) (1988). Exigent circumstances precluded obtaining a warrant for the search of appellant's vehicle and person, based on appellant's attempt to discard the incriminating evidence he had on his person and his attempt to flee the area; and on the officer's testimony that, once he was apprehended, appellant wanted to release the vehicle to his brother.

There being evidence to support the trial court's determination that no warrant was needed, we affirm the judgment. Id., Division 2.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1989.

*Jack S. Davidson, Walter B. Harvey,* for appellant.
*Timothy G. Madison, District Attorney,* for appellee.