A95A1676. PARKER v. THE STATE.
(463 SE2d 70)

POPE, Presiding Judge.

Defendant Herbert Vernon Parker was indicted on two counts of violating Georgia's Controlled Substances Act and one count of possession of a firearm by a convicted felon. Before the effective date of our holding in *Hooten v. State*, 212 Ga. App. 770 (442 SE2d 836) (1994), defendant entered a conditional guilty plea in accordance with *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991), and thereby reserved the right to appeal the trial court's denial of his motion to suppress. Concluding that the trial court did not abuse its discretion in denying the motion, we affirm.

The evidence shows that on June 29, 1993, an informant, who had been arrested on drug charges and had agreed to cooperate with police, told Hall County Sheriff's Detective Neville that he could arrange to purchase drugs from defendant. The informant placed a telephone call to defendant, and Neville listened in on the call by placing his ear next to the telephone's receiver. Neville recognized defendant's voice from prior dealings he had had with defendant. He characterized defendant as a known drug dealer, whom he had arrested in the past. During the conversation, defendant agreed to sell a certain quantity of methamphetamine to the informant. Defendant then told the informant that he would meet him at approximately 5:00 p.m. at a Waffle House in Gwinnett County.

Neville contacted the Gwinnett County police and provided them with the above information. In response to the information, two Gwinnett officers who were personally acquainted with defendant staked out the Waffle House. At approximately 4:55 p.m., prior to the informant's arrival on the scene, the officers saw defendant at a pay phone in the Waffle House's parking lot. After placing a call, defendant returned to his car to leave. Fearing that defendant would be lost if he left, the officers blocked his car. Cognizant that defendant previously had been arrested on weapons charges, the officers approached defendant with their guns drawn and demanded that he get out of the car. Defendant complied after fumbling with a brown paper bag, which he dropped between his legs. The officers searched the bag and found one and one-half ounces of methamphetamine. They also recovered $4,000 from defendant and a handgun from a shaving kit on the car's rear floorboard.

1. In his first enumeration of error, defendant argues that the trial court should have suppressed the evidence seized pursuant to his

arrest because the police had no probable cause for the arrest or for a warrantless search of defendant's person or vehicle. We disagree. This is not a case where the arresting officers were merely relying on a tip from a confidential informant. As set forth above, Neville actually heard the conversation between defendant and the informant, and he relayed the specifics of the conversation to the Gwinnett police. Consequently, when the Gwinnett officers observed defendant appear at the designated time and place, they had probable cause to arrest him. *State v. Hancock*, 203 Ga. App. 577, 578 (417 SE2d 381) (1992). Any search of defendant was therefore "lawfully conducted pursuant to a lawful warrantless arrest." (Citation omitted.) Id. Furthermore, based on the information Neville supplied them, the Gwinnett officers had probable cause to believe that contraband would be found in defendant's car. Thus, their warrantless search of the car also was lawful. See *McKinney v. State*, 184 Ga. App. 607, 609-610 (2) (362 SE2d 65) (1987).

2. In light of the above, defendant's second enumeration of error is without merit.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED OCTOBER 20, 1995.

*Phyllis Miller, Steven M. Reilly*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.