## A99A2200. BENTON v. THE STATE.
### (522 SE2d 726)

JOHNSON, Chief Judge.

The "automobile exception" provides that a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant.[1] On two occasions police officers had a confidential informant buy cocaine from appellant Artis Benton. The informant arranged a third buy, during which Detective R. J. Brink was on surveillance when he saw Benton arrive at the scene of the arranged sale, park his vehicle and walk away from it. Detective Brink walked to the vehicle, saw suspected cocaine and marijuana in it, opened the unlocked door and seized the suspected drugs. Was the warrantless search lawful? We hold that it was lawful under the automobile exception because Detective Brink had probable cause to believe Benton's vehicle contained illegal drugs. We therefore affirm the trial court's denial of Benton's motion to suppress evidence found in his vehicle.

DeKalb County Police Detective K. M. Short knows a confidential informant who has given him reliable information and has participated in numerous controlled drug buys that have led to arrests. The informant told Detective Short that Benton sells cocaine and marijuana. On December 2, 1998, the informant arranged to buy crack cocaine from Benton. Detective Brink was on surveillance when that drug sale took place. The informant again bought crack cocaine from Benton on December 14, but Detective Brink was not involved in that controlled buy. The informant next arranged to purchase crack cocaine from Benton at the informant's townhouse on December 18.

At 9:00 p.m., on December 18, Detective Brink and several other officers were on surveillance in the parking lot of the townhouse when Benton arrived in his green Ford Explorer with passenger

---

[1] *Maryland v. Dyson*, 527 U. S. 465 (119 SC 2013, 144 LE2d 442) (1999).

Antonio Copeland. Detective Brink saw Benton park the vehicle, get out of it, go to the informant's townhouse door and knock on it. No one answered the door, so Benton returned to the Explorer. Benton then moved the vehicle to another parking space. He and Copeland got out of the parked vehicle and walked away from it, leaving the townhouse parking lot.

Detective Brink then walked to the Explorer, looked in the window and saw a clear plastic bag lying on the front center console. The bag contained a hard, white substance that Brink believed to be crack cocaine. He also saw, on the passenger floor, a clear plastic bag containing a green, leafy substance that he suspected was marijuana. Brink shined his flashlight into the vehicle to get a better view, which confirmed his belief that the items were illegal drugs. Brink opened the car door, which was not locked, and seized the suspected drugs.

In the meantime, other police officers involved in the surveillance arrested Benton and Copeland as they were walking a short distance away from the parking lot. Incident to Benton's arrest, the police searched the Explorer and found a bag in the floorboard area of the back seat containing more suspected marijuana.

Benton and Copeland were indicted for trafficking in cocaine, possessing cocaine with intent to distribute, possessing marijuana with intent to distribute and possessing more than one ounce of marijuana. Benton filed a motion to suppress the suspected cocaine and marijuana found in his vehicle. The trial court denied the motion, finding that Detective Brink's warrantless search of the Explorer was lawful under the "plain view" doctrine, even though there was no exigency preventing him from getting a search warrant.

Benton applied to this court for interlocutory review of the court's ruling. We granted the application because the trial court erroneously found that in this case the plain view doctrine did not require the existence of exigent circumstances. In spite of that error, we affirm the denial of the motion to suppress because the search was lawful under the automobile exception to the warrant requirement.

1. The plain view doctrine authorizes a police officer to seize an illegal item if the officer is lawfully in a place where he can see the item and if he has a lawful right of access to it.[2] An officer gains lawful access to an item in plain view by obtaining a search warrant, obtaining consent to search, or the existence of exigent circumstances.[3]

---

[2] State v. David, 269 Ga. 533, 535-536 (2) (501 SE2d 494) (1998); Gates v. State, 229 Ga. App. 766, 767-768 (a) (495 SE2d 113) (1997).
[3] David, supra; State v. Gallup, 236 Ga. App. 321, 323 (1) (c) (512 SE2d 66) (1999); Gates, supra.

In the instant case, it is undisputed that Detective Brink had neither a warrant nor consent to search Benton's vehicle. The trial court found that there were no exigent circumstances because the vehicle was parked and there were several police officers nearby who could have gotten the warrant while Brink secured the vehicle. Even though there was no warrant, consent or exigency, the trial judge ruled that Brink's search of the vehicle was valid under the plain view doctrine. Because that doctrine requires that a warrant, consent or some exigency give the officer a lawful right of access to the item in plain view, the trial court's ruling to the contrary was clearly erroneous.

Although the reasons for a trial court's ruling may be wrong, we may still affirm the court's ruling if it is right for any other reason.[4] So even if a trial judge incorrectly denies a motion to suppress on one basis, we may affirm the denial on another basis.[5] Here, even though the court based its ruling on an improper application of the plain view doctrine, the denial of the motion to suppress was correct under the automobile exception.

2. The Supreme Court recently reiterated in *Maryland v. Dyson* that the automobile exception to the warrant requirement does not require exigent circumstances.

> The Fourth Amendment generally requires police to secure a warrant before conducting a search. [Cit.] As we recognized nearly 75 years ago . . . there is an exception to this requirement for searches of vehicles. And under our established precedent, the "automobile exception" has no separate exigency requirement. We made this clear in *United States v. Ross*, 456 U. S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), when we said that in cases where there was probable cause to search a vehicle "a search is not unreasonable if based on facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained.*" (Emphasis added.) In a case with virtually identical facts to this one (even down to the bag of cocaine in the trunk of the car), *Pennsylvania v. Labron*, 518 U. S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam), we repeated that the automobile exception does not have a separate exigency requirement. . . .[6]

---

[4] *Frederick v. State*, 226 Ga. App. 540, 542 (1) (487 SE2d 107) (1997).

[5] *Hunt v. State*, 212 Ga. App. 217, 219 (441 SE2d 514) (1994).

[6] 119 SC at 2014.

In this case, Detective Brink knew that Benton had sold cocaine to the confidential informant on two other occasions. He was on surveillance when Benton arrived to make another arranged sale of cocaine to the same informant. He eventually saw the suspected drugs on the front console and passenger floor of Benton's vehicle. Based on these facts Detective Brink had probable cause to believe the vehicle contained illegal drugs.[7] The warrantless search of the vehicle was therefore lawful under the automobile exception. We thus affirm the trial court's denial of Benton's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED OCTOBER 5, 1999 — ▮▮▮▮▮

*Novy, Jaymes & Vaughan, Eugene Novy, Deborah M. Vaughan,* for appellant.

*J. Tom Morgan, District Attorney, Sarah E. Sullivan, Assistant District Attorney,* for appellee.

---

[7] See *Bedingfield v. State*, 219 Ga. App. 248, 249 (2) (464 SE2d 653) (1995); *Pittman v. State*, 189 Ga. App. 781, 782 (2) (377 SE2d 695) (1989).