A01A2208. THE STATE v. DUNCAN.
(560 SE2d 720)

ANDREWS, Presiding Judge.

In defense of possession of cocaine charges, Harold Duncan moved to suppress evidence of cocaine found in his car during a warrantless search conducted by police. The State appeals from the trial court's order granting the motion. Because we find the State had probable cause to conduct a warrantless search of the car without exigent circumstances, we reverse.

At the hearing on the suppression motion, the State presented testimony from police officers and an affidavit used to obtain a related search of Duncan's house showing that Duncan's nephew, Pedro Duncan, sold cocaine to an undercover officer and told the officer that his uncle could provide larger quantities of cocaine. In a telephone call to set up additional sales of cocaine, Pedro Duncan called the officer from a telephone number known to police from parole records to be the home phone of Harold Duncan. During the call, the officer was put on the line with another individual who stated he would meet the officer at a Texaco station with the cocaine. Shortly thereafter, Pedro Duncan arrived at the station in his car, followed by Harold Duncan in his car. Police observed the two meet inside the food store attached to the Texaco station and then watched Harold Duncan walk to an adjacent fast food restaurant. Pedro Duncan was arrested at the Texaco station. As police approached Harold Duncan in the fast food restaurant, he threw away a small bag which was recovered and tested positive for cocaine. Harold Duncan was arrested at the restaurant and handcuffed, and the keys to his car were taken from his pocket. When the keys were taken, he denied driving the car to the Texaco station. After a drug dog alerted for the odor of narcotics outside of Harold Duncan's car, police used the keys to enter the car and conduct a search during which they found cocaine in a bag on the back seat of the car.

At the suppression hearing, Duncan argued that the State was required to show exigent circumstances to justify the warrantless

search of his car, and that, because he was under arrest and the car was in no danger of being moved at the time of the search, no such circumstances existed. The trial court entered a one-sentence order denying the motion which gave no basis for the ruling. However, in its oral ruling denying the motion at the suppression hearing, the court concluded that, where the State had probable cause to search the car, it could conduct a warrantless search in the absence of exigent circumstances. In a motion for reconsideration, Duncan argued that both probable cause and exigent circumstances were required before the State could conduct a warrantless search. After reconsideration, the trial court entered a second order reversing its first order and granting the motion to suppress, again without stating a basis for the ruling.

The trial court was right the first time. As we held in *McKinney v. State*, 184 Ga. App. 607, 609-610 (362 SE2d 65) (1987), because the State had probable cause to suspect the car contained contraband, a warrantless search was reasonable even though (as in the present case) the driver was arrested, handcuffed, and the keys secured, and there were no exigent circumstances. Accord *Benton v. State*, 240 Ga. App. 243, 245 (522 SE2d 726) (1999); *Parker v. State*, 218 Ga. App. 770, 771 (463 SE2d 70) (1995).

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 19, 2002.

*J. Tom Morgan, District Attorney, David W. Bass, Barbara B. Conroy, Assistant District Attorneys*, for appellant.

*Peters, Roberts, Borsuk & Rubin, R. Stephen Roberts, Lynne Y. Borsuk, Michael D. Mann*, for appellee.