A10A1392. THE STATE v. SARDEN.
(699 SE2d 880)

POPE, Senior Appellate Judge.

The state appeals the trial court's grant of the motion filed by Octavius Orlando Sarden to suppress the cocaine seized from his car. The trial court suppressed the cocaine based upon its conclusion that the search of the car was unconstitutional because it was not supported by a warrant, consent, or exigent circumstances. We conclude, however, that the search of Sarden's car was authorized

---

under the "automobile exception," which does not require a warrant, consent, or exigent circumstances in order for the search to be valid under the Fourth Amendment. Accordingly, we reverse.

> Because the trial court sits as the trier of fact when ruling on a motion to suppress . . . , its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. When we review a trial court's decision on such [a] motion[ ] to exclude evidence, we construe the evidence most favorably to uphold the findings and judgment, and we adopt the trial court's findings on disputed facts and credibility unless they are clearly erroneous. When the evidence is uncontroverted and no question of witness credibility is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. With mixed questions of fact and law, the appellate court accepts the trial court's findings on disputed facts and witness credibility unless clearly erroneous, but independently applies the legal principles to the facts.

(Citations and punctuation omitted.) *State v. Tousley*, 271 Ga. App. 874 (611 SE2d 139) (2005).

Viewed in the light most favorable to the trial court's findings, the evidence showed that the City of Commerce Police Department had issued a "be-on-the-lookout" ("BOLO") advisory for Sarden, who was wanted on four outstanding felony warrants. On September 14, 2008, an officer who was aware of the BOLO advisory was on routine patrol when Sarden drove by him at a highway intersection. After confirming the existence of the outstanding warrants, the officer watched as Sarden drove to a nearby convenience store and parked his car. Radioing for backup, the officer followed Sarden to the store. The officer then entered the store behind Sarden and placed him under arrest without incident. As the officer escorted the handcuffed Sarden to his patrol vehicle, a second officer arrived and inquired as to which car belonged to Sarden. The first officer pointed out Sarden's car parked in front of the store.

The second officer approached Sarden's car and looked through the front passenger side window. He observed, in plain view on the center console, a clear baggie containing a white powdery substance that he suspected was crack cocaine. The second officer, who had many years of experience and who worked over 20 cases involving crack cocaine every year, was familiar with the appearance of the drug. After seeing the suspected crack cocaine, the second officer

reached through the partially opened window, unlocked the passenger door, and retrieved the baggie from the car. It is undisputed that the officer did not obtain Sarden's consent to search the car or a search warrant prior to seizing the baggie of suspected crack cocaine.

Sarden was charged by accusation with possession of cocaine. He moved to suppress the suspected cocaine found in his car, contending that the search of his car was invalid because it was not supported by consent, a search warrant, or exigent circumstances. Following a hearing, the trial court found that the second officer was lawfully in the place where he observed the suspected cocaine in plain view, but concluded that the search of the car was invalid for the reason asserted by Sarden. This appeal followed.

The trial court erred in granting the motion to suppress because Sarden's consent, a search warrant, or exigent circumstances were not required in order to render the search constitutional. Under the "automobile exception" to the warrant requirement imposed by the Fourth Amendment, "a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant." *Benton v. State*, 240 Ga. App. 243 (522 SE2d 726) (1999). See *Maryland v. Dyson*, 527 U. S. 465, 466-467 (119 SC 2013, 144 LE2d 442) (1999); *Martinez v. State*, 303 Ga. App. 166, 170 (2) (692 SE2d 766) (2010); *McKinney v. State*, 184 Ga. App. 607, 609-610 (2) (362 SE2d 65) (1987). Because there is no exigency requirement in this context, the warrantless search of an automobile will be upheld so long as there was probable cause to suspect it contained contraband, even if "the driver was arrested and handcuffed and the keys were taken from him before the car was searched."[1] *McKinney*, 184 Ga. App. at 609 (2). See *United States v. Ross*, 456 U. S. 798, 801 (I), 825 (V) (102 SC 2157, 72 LE2d 572) (1982); *State v. Duncan*, 253 Ga. App. 830, 831 (560 SE2d 720) (2002).

Here, the second officer unquestionably had probable cause to believe that Sarden's car contained crack cocaine. "Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law." (Citation omitted.) *Martinez*, 303 Ga. App. at 170 (2). The officer's

---

[1] The state conceded in the court below that the search was not authorized as a search incident to arrest under the recent case of *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009), given that Sarden had been handcuffed and could not access his car to retrieve weapons or evidence at the time it was searched. But the automobile exception is a separate and distinct rationale for upholding the search of a vehicle under the Fourth Amendment. See id. at ___ (IV) (129 SC at 1721) (reaffirming the viability of the automobile exception).

observation of what he suspected, based upon his law enforcement experience, to be crack cocaine, would have led a reasonably discrete and prudent person to believe that drug contraband was in the car.[2] See *Williams v. State*, 249 Ga. App. 119, 123 (1) (iv) (547 SE2d 395) (2001) (probable cause existed to seize cocaine in plastic baggie, where officer with narcotics experience saw the substance in plain view and suspected that it was cocaine). See also *Higdon v. State*, 261 Ga. App. 729, 733 (a) (583 SE2d 556) (2003) ("[A] police officer may draw inferences based on his own experience in deciding whether probable cause exists.") (footnote omitted).

Nevertheless, Sarden maintains that the automobile exception does not apply because his car was parked on commercial property rather than along a public roadway. We disagree. The automobile exception is justified on two grounds: the ready mobility of automobiles and the diminished expectation of privacy that citizens have in them. See *California v. Carney*, 471 U. S. 386, 391-392 (II) (105 SC 2066, 85 LE2d 406) (1985). And "[w]hen a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes — temporary or otherwise — the two justifications for the vehicle exception come into play." (Footnote omitted.) Id. at 392-393 (II). Hence, the automobile exception applies even if the car is not stopped along a highway, but is stationary in a place not regularly used for residential purposes, as in the present case, where Sarden's car was in a parking space outside a commercial establishment. See *Martinez*, 303 Ga. App. at 170-171 (2) (upholding search under automobile exception where car was parked in parking lot across the street from a gasoline station to which the defendant had walked); *Duncan*, 253 Ga. App. at 831 (upholding search under automobile exception where car was parked at convenience store); *State v. Folk*, 238 Ga. App. 206, 209 (521 SE2d 194) (1999) (upholding search under automobile exception where car was in convenience store parking lot).[3]

For these reasons, the search of Sarden's car was authorized

---

[2] Sarden concedes on appeal that the second officer was in a place that he lawfully was permitted to be when he observed the crack cocaine, and that the officer was authorized to look through the car window into the interior of the car. Notably, Sarden did not dispute in the court below that the second officer had probable cause to believe that the car contained contraband.

[3] Compare *State v. Lejeune*, 276 Ga. 179, 183 (2) (576 SE2d 888) (2003) (automobile exception inapplicable where "the suspect's car was legally parked in his residential parking space, the suspect and his only alleged cohort were not in the vehicle or near it and did not have access to it, and the police seized the automobile without a warrant, placed it on a wrecker and hauled it away to be searched at a later date") (citations omitted); *State v. Massa*, 273 Ga. App. 596, 596-598 (615 SE2d 652) (2005) (affirming trial court's finding that automobile exception was inapplicable where suspect's unoccupied vehicle was parked 300 yards from the road on a dirt driveway).

under the automobile exception, and the trial court erred in concluding that the search of Sarden's car was invalid for lack of consent, a warrant, or exigent circumstances. See *Martinez*, 303 Ga. App. at 170-171 (2); *Benton*, 240 Ga. App. at 245-246 (2); *Folk*, 238 Ga. App. at 209; *Bedingfield v. State*, 219 Ga. App. 248, 249 (2) (464 SE2d 653) (1995); *McKinney*, 184 Ga. App. at 609-610 (2). The trial court's order granting the motion to suppress, therefore, must be reversed.

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 17, 2010.

*James B. Smith, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellant.

*Carrol L. Fleming, Barry E. King*, for appellee.