## A11A1151. BROWN v. THE STATE.
(715 SE2d 802)

MIKELL, Judge.

Kenneth Brown, convicted by a Morgan County jury of possession of cocaine with intent to distribute,[1] appeals from the trial court's denial of his motion for new trial. Brown contends that his trial counsel rendered ineffective assistance of counsel in not filing a timely motion to suppress evidence seized from Brown's vehicle Finding no harmful error, we affirm.

Viewed in the light most favorable to the verdict,[2] the evidence showed that Brown was driving on Interstate 20 when Trooper Ray Malone with the Georgia State Patrol observed him committing the traffic offense of following too closely. Malone also noted that Brown was not wearing a seat belt and that the tag on his car had expired. Malone initiated a traffic stop. Brown was asked to produce his driver's license, insurance information and registration, but was only able to produce his driver's license. Malone ultimately had to find the missing information on the state insurance database.

As Malone spoke with Brown through the open passenger window of the car during the traffic stop, he smelled what he recognized, based on his training and experience, to be the odor of burnt marijuana from inside the car. Malone also noticed what looked to be remnants of marijuana in the floorboards, "like if somebody may have been rolling marijuana cigarettes." Brown mentioned that he had been to the Atlanta area to visit some friends for a few days and was headed back home to South Carolina. However, Brown was unable to provide details about where he had

---

[15] See id.; accord *Adams,* supra.

[1] Brown was indicted on one count each of possession of cocaine with intent to distribute and trafficking in cocaine. The jury convicted him of possession of cocaine with intent to distribute and found him not guilty of trafficking in cocaine.

[2] *Al-Amin v. State,* 278 Ga. 74 (1) (597 SE2d 332) (2004).

stayed, and Malone noticed that the car did not contain any visible luggage or evidence of a trip.

Malone asked Brown to step out of the car. As he was writing the traffic citation, he noticed Brown becoming increasingly agitated. Based on the odor of marijuana and Brown's behavior, Malone called for backup assistance which arrived a few minutes later. The troopers confronted Brown about the marijuana odor, and Brown indicated that he had not smoked any marijuana, but some of his friends might have smoked it in his car the day before. The trooper asked Brown if he had any other drugs in the car, and Brown said he did not.

Based on the odor of marijuana in the car, Malone searched the car. In the passenger compartment, he located more remnants of suspected marijuana. In the trunk of the car, he found a plastic bag containing 1.976 kilos of cocaine with a purity of 70.4 percent.

After the cocaine was discovered, Brown admitted to knowing the cocaine was in the trunk and told officers that he had been forced to drive the cocaine from Atlanta to South Carolina. At this point, the law enforcement officers advised Brown of his *Miranda* rights.

Brown's counsel filed a preliminary motion to suppress on August 8, 2007, but did not file an amended motion to suppress until April 6, 2009. Brown's counsel requested that the amended motion to suppress be heard on May 5, 2009, after the jury had been impaneled in the case, but the trial court ruled that the motion had been waived because it was filed so late.[3] Appellate counsel filed an amended motion for new trial based, in part, on an ineffective assistance of counsel claim, which was denied.

1. Although Brown does not challenge the sufficiency of the evidence on appeal, we conclude that the evidence adduced at trial was sufficient under the standard set forth in *Jackson v. Virginia*,[4] to authorize the jury to find him guilty of possession of cocaine with intent to distribute.

2. Brown contends that his trial counsel rendered ineffective assistance of counsel by failing to file the amended motion to suppress in a timely manner. We disagree.

To prevail on a claim of ineffective assistance of counsel, Brown must show (1) that counsel's performance was deficient and (2) that defendant was prejudiced by the deficient performance, i.e., that

---

[3] Counsel explained that he waited so long to file an amended motion to suppress because the case had been delayed with the state's consent as Brown attempted to cooperate with law enforcement in South Carolina in exchange for a reduction of his charges in this case and that he believed the case would be accepted for federal prosecution. Trial counsel also explained that he attempted to schedule the motion to suppress hearing earlier, but was unable to reach Brown despite repeated attempts to contact him.

[4] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

there was a reasonable probability that the trial would have turned out differently but for counsel's deficient performance.[5] This court need not address both components if the defendant has made an insufficient showing on one of them.[6] On appellate review, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[7] Further, "we will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result."[8]

Pretermitting whether trial counsel was deficient in failing to timely file an amended motion to suppress, Brown has failed to establish that such failure has prejudiced his case. Brown contends that the officer exceeded the scope of the authorized probable cause search by searching the trunk of his car in addition to the passenger compartment, and the cocaine should have been suppressed as the fruit of an illegal seizure. To establish ineffective assistance of counsel on the basis of counsel's failure to file a timely motion to suppress, Brown must make a strong showing that had the motion been considered, the damaging evidence would have been suppressed.[9] As shown below, Brown has failed to meet this burden.

Although the general rule under the Fourth Amendment to the United States Constitution is that police officers must secure a warrant prior to conducting a search, there is an exception to that requirement for the searches of automobiles.[10] "The automobile exception provides that a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant."[11] An officer has probable cause to search an automobile when

the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe

[5] *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004).

[6] *Delgiudice v. State*, 308 Ga. App. 397, 401 (3) (707 SE2d 603) (2011). Accord *Brown v. State*, 275 Ga. App. 281, 289 (5) (620 SE2d 394) (2005).

[7] (Citations and punctuation omitted.) *Bridges v. State*, 286 Ga. 535, 537 (1) (690 SE2d 136) (2010).

[8] (Punctuation and footnote omitted.) *Nichols v. State*, 288 Ga. App. 118, 121 (3) (653 SE2d 300) (2007).

[9] *Duitsman v. State*, 217 Ga. App. 435, 437 (2) (457 SE2d 702) (1995). Accord *Boykins-White v. State*, 305 Ga. App. 827, 831 (4) (701 SE2d 221) (2010).

[10] *Maryland v. Dyson*, 527 U. S. 465, 466-467 (119 SC 2013, 144 LE2d 442) (1999).

[11] (Citation and punctuation omitted.) *Martinez v. State*, 303 Ga. App. 166, 170 (2) (692 SE2d 766) (2010).

that the contents of the vehicle offend the law. Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction.[12]

Further, the automobile exception allows the entire vehicle to be searched, "including all containers and packages that may contain such contraband."[13]

In the case sub judice, the objective facts known to Malone after he lawfully stopped the car gave him probable cause to believe that the car contained contraband.[14] These facts included the smell of marijuana in the car, the flakes of what Malone suspected to be marijuana on the floorboards of the car and Brown's visible agitation during the traffic stop. The warrantless search of the vehicle was therefore lawful under the automobile exception to the warrant requirement.[15]

Brown has not shown a reasonable likelihood that the trial court would have granted the motion to suppress, even if it had been timely filed. Therefore, Brown has not carried his burden of showing that he was prejudiced by his attorney's failure to timely file the motion, and his claim of ineffective assistance of counsel must fail.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED AUGUST 16, 2011.

*Edgar A. Callaway, Jr.*, for appellant.
*Fredric D. Bright, District Attorney, Alison T. Burleson, Assistant District Attorney*, for appellee.

---

[12] (Citation omitted.) Id. at 170-171 (2).

[13] (Citation and footnote omitted.) *Autry v. State*, 277 Ga. App. 305, 308 (626 SE2d 528) (2006).

[14] See *Fernandez v. State*, 275 Ga. App. 151, 159-160 (3) (b) (iii) (619 SE2d 821) (2005) (deputy had probable cause to search car after initiating traffic stop for failure to wear seat belt where driver and passenger were very nervous and gave conflicting stories, driver would not identify car's owner and the car reeked of air fresheners); see also *Higdon v. State*, 261 Ga. App. 729, 733 (a) (583 SE2d 556) (2003) ("[A] police officer may draw inferences based on his own experience in deciding whether probable cause exists") (footnote omitted).

[15] *Benton v. State*, 240 Ga. App. 243, 245 (2) (522 SE2d 726) (1999) (automobile exception does not require exigent circumstances).