**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A13A0597. ROSS v. THE STATE.

McMILLIAN, Judge.

On September 6, 2007, a multi-agency law enforcement group tasked with eradication of marijuana was operating in Morgan County. A helicopter flown by a Georgia State Patrol sergeant was searching for marijuana plants, which may be identified from the air by their color and shape. When two marijuana plants were spotted growing in a tire located in a rural area of young pine trees and high grass, a ground team was alerted to travel to that location. The plants were behind a house situated a quarter of a mile or more from the next residence. The backyard of the house was an area of mowed grass that ended at an apparent property line where the area with pine trees and high grass began. The marijuana plants were at the end of a distinct path that led from the property line for a distance of approximately 75 feet.

After spotting the marijuana plants, the helicopter crew circled the area and reduced altitude in order to confirm identity of the marijuana plants and to search for others. At that time, the helicopter crew saw appellant William Ross come out of the house and go to a black car. Ross was back and forth between the house and the car several times before the ground team arrived. When the ground team arrived, Ross was in the car, but was detained and later arrested for "cultivating marijuana."

After his arrest, Ross's car was searched, and an officer found a pack of rolling papers and a device that could be used to roll marijuana cigarettes in the glove box. Additionally, two containers of fertilizer and a book entitled *The Healing Magic of Cannabis* were found in the trunk.

Ross was charged by accusation with the offense of manufacturing marijuana (OCGA § 16-13-30). After the denial of his motion to suppress evidence, Ross was convicted by a jury of the offense charged. A motion for new trial was denied, and this appeal followed.

1. Ross first complains that the trial court erred by denying his motion to suppress, asserting that the warrantless vehicle search violated *Arizona v. Gant*, 556 U. S. 332, 343 (III) (129 SCt 1710, 173 LE2d 485) (2009).[1] We disagree.

"Although the general rule under the Fourth Amendment to the United States Constitution is that police officers must secure a warrant prior to conducting a search, there is an exception to that requirement for the searches of automobiles." *Brown v. State*, 311 Ga. App. 405, 407 (715 SE2d 802) (2011). "Under the automobile exception to the warrant requirement imposed by the Fourth Amendment, a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant." (Citation and punctuation omitted.) *State v. Sarden*, 305 Ga. App. 587, 589 (699 SE2d 880) (2010). "Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law." (Citation omitted.) Id. This inquiry is based on the "totality of circumstances surrounding a transaction." (Citation omitted.) *Brown*, 311 Ga. App. at 408. "If there

---

[1] We note that the motion to suppress hearing took place before the issuance of *Gant*.

is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), authorizes a search of any area of the vehicle in which the evidence might be found." *Gant*, 556 U.S. at 347.

Here, the officers observed marijuana plants in a rural part of Morgan County, a path between the closest residence and the marijuana plants, and Ross going back and forth from the house to his vehicle, and at one point in time, looking under the hood of the vehicle. Ross was stopped in his vehicle, and a responding officer subsequently noted that one of the tires on the vehicle did not match the others and that the tire had the same make, model and serial number as the tire in which the marijuana plants were being grown. Based on the totality of the circumstances, we find that a reasonable and prudent officer could believe that Ross was manufacturing marijuana and using his vehicle to transport the contraband. Thus, there was probable cause to believe that Ross's vehicle contained marijuana, and the search of the passenger compartment and trunk was justified pursuant to the automobile exception to the warrant requirement. See *Jones v. State,* 319 Ga. App. 678 (738 SE2d 130) (2013) (smell of burnt and raw marijuana emitting from vehicle justified search of trunk once officers were unable to find marijuana in the passenger compartment);

4

*Brown,* 311 Ga. App. at 408 (smell of marijuana, observation of suspected marijuana on floorboards of the car, and driver's visible agitation justified warrantless search of vehicle, including trunk, under automobile exception to warrant requirement).

Ross contends that the search was conducted incident to arrest, and under *Gant*, the State's failure to show where he was located at the time of arrest invalidates the warrantless search. But *Gant* clearly did not disturb other established exceptions to the Fourth Amendment's warrant requirement, including our "automobile exception." See *Gant*, 556 U.S. at 347 (IV); *Horne,* 318 Ga. App. at 490, n.5; *Sarden*, 305 Ga. App. at 589, n.1. Accordingly, we find no error in the trial court's denial of Ross's motion to suppress.

2. The remaining enumeration of error challenges the sufficiency of the evidence supporting Ross's conviction. Viewed in the light most favorable to the verdict,[2] the evidence shows that marijuana plants were being carefully cultivated in a location accessible from a house that was connected to only three people. The cultivation of the contraband was shown to be associated with the house by several items found in the yard. The tire within which the marijuana plant was growing was identical to two tires found stacked next to a shed in the yard. The compost material

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

5

used to grow the contraband appeared similar to material found in the yard. A bucket which could have been used to water the plants, which require frequent hydration, was located at the property line near the path to the plants. And there were multiple quantities of fertilizer that would be useful in nourishing the plants.

The owner of the house, Geraldine Cooper, had lived in the house for over thirty years and raised her family there. Her adult son resided in the house with her, but he was an electrical engineer who often traveled and was gone when the marijuana was discovered. Cooper and Ross had started dating after her husband died some years before and Ross had become a frequent visitor and overnight guest.

A search of the house revealed no evidence of marijuana and Cooper denied she knew about the marijuana growing near her house, testimony the jury was allowed to credit or discredit as it saw fit. Further, as stated above, a search of Ross's car had revealed rolling papers, a device which could be used to roll marijuana cigarettes, fertilizer, and a book concerning marijuana. The jury, after considering the strong direct evidence connecting the marijuana plants with the house and the resulting brief list of suspects, was authorized to determine that Ross was guilty beyond a reasonable doubt of the offense charged.

*Judgment affirmed. Andrews, P. J., and Dillard, J., concur.*