**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 23, 2019**

# In the Court of Appeals of Georgia

A19A1095. LOWE v. THE STATE.                                   BA-038C

BARNES, Presiding Judge.

This Court granted Susan Lowe's application for an interlocutory appeal of the trial court's order denying her motion to suppress. On appeal, Lowe contends that the trial court erred in denying her motion to suppress because the search was not justified on the basis of probable cause nor under any exception to the warrant requirement. Upon our review, we reverse.

In reviewing a trial court's ruling on a motion to suppress:

First, the trial judge's findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial

court's findings and judgment. Fourth, we review questions of law de novo.

(Punctuation and citations omitted.) *Reyes v. State*, 334 Ga. App. 552, 552 (1) (780 SE2d 674) (2015).

> [A]ppellate courts must focus on the facts found by the trial court in its order, as the trial court sits as the trier of fact. An appellate court may, however, consider facts that definitively can be ascertained exclusively by reference to evidence that is uncontradicted and presents no questions of credibility, such as facts indisputably discernible from a videotape.

(Citations and punctuation omitted.) *Caffee v. State*, 303 Ga. 557, 557 (814 SE2d 386) (2018).

Guided by these principles, the evidence demonstrates that agents with the Savannah Police Department's Counter Narcotics Team were conducting surveillance on a house on Cottonvale Road based on an anonymous complaint, in the form of a tip sheet. According to the complaint, "M. S.", an unidentified male, was, among other things, selling drugs at the address, and M. S. drove a Ford van. When agents observed a Honda Passport containing two females depart from the address, they followed the vehicle to conduct "mobile surveillance." Three agents in separate vehicles followed the car as it stopped at a Wells Fargo Bank, then continued

2

traveling on Highway 17. One of the agents involved in the mobile surveillance testified at the hearing on the motion to suppress that the decision was made to "follow [the vehicle] and in the event that it gave us probable cause for a traffic infraction, we were going to get [it] stopped." . The agents wanted the vehicle "pulled over, if the opportunity presented itself. . . to be able to search the vehicle and its passengers." The agents radioed the police department to "get a marked unit in the area for when the vehicle committed an infraction." One of the agents trailing the vehicle observed "the vehicle change lanes without giving any kind of signal," and he notified the marked police cars, who then made the traffic stop. Two policemen involved in the traffic stop testified at the motion to suppress hearing. One of the officers testified that they were not given the reason agents wanted the vehicle stopped over the radio, but that were requested to "get probable cause to stop the vehicle." He testified that agents later told him that they wanted to stop the vehicle "to identify the occupants."

The officer who made the stop approached the driver, who was identified as Lowe, and asked for her license. He testified that he had a conversation with Lowe, but that it was difficult to do so because "she was very nervous. She was shaking." A back-up officer and the agents were also on the scene. The officer gave Lowe's

license to the agents who told him to "see if [he could] get her to consent to a search of the car." Although Lowe refused to consent, the officer testified that he misunderstood and told the agents that she had consented to the search.[1]

During this time, the backup officer approached the passenger window and asked the passenger for identification He testified that the passenger "reached towards the floorboard and when she came back up, I could see in her hand that she had a black mesh pouch and sticking out of that pouch was a plastic baggie. And I noticed some green leafy substance on there." The officer testified that he observed the plastic bag with the green leafy substance when the passenger opened the bag.[2] The officer removed the plastic bag from the pouch and placed it on the roof of the vehicle. He then asked the passenger if there was "anymore in the car" and if there was anything else [he] need[ed] to know about." He asked the passenger again what she had in the car, and what he would find when he searched the car. The passenger responded that she did not have anything else, and the officer then asked Lowe, who's purse was

---

[1] The officer testified that when he later reviewed his body camera video, it was clear that Lowe had refused consent to the search. . However, the trial court did not base its order on a finding of consent, and thus whether the search was consensual is not at issue in this appeal.

[2] The substance was later field tested and found to be marijuana.

visible, if she had anything in her purse. The women were then removed from the car, and the officer placed the plastic bag back in the car on the passenger's seat and then searched the contents of the pouch. During the ensuing search of the car, the officers retrieve a plastic Ajax container under the driver's floorboard containing methamphetamine. Lowe was subsequently arrested and charged with trafficking in and possession of methamphetamine, possession of marijuana, less than one ounce, and possession of drug related objects. .

Lowe filed a motion to suppress, arguing, among other things, that the search of her car was unlawful because it was not based on any exception to the Fourth Amendment's warrant requirement. The trial court denied Lowe's motion, finding the search valid under the automobile exception to the Fourth Amendment in that:

> the mesh bag and the alleged marijuana were observed inside of [Lowe's] car. [Lowe] and the passenger were seated next to each other in the vehicle. Based on the evidence before it, the Court finds the officers had probable cause to conduct the subsequent warrantless search of the vehicle.

The trial court relied on this Court's decision in *State v. Sarden*, 305 Ga. App. 587, 589 (699 SE2d 880) (2010), for the proposition that, even in the absence of an exigency preventing an officer from obtaining a search warrant, the automobile

5

exception permits a warrantless search upon finding probable cause that a car contains contraband.

On appeal, Lowe contends that the trial court erred in denying her motion to suppress. According to Lowe, the search can not be justified on the basis of probable cause nor an exception to the warrant requirement. She asserts that prior to stopping her vehicle for failing to signal a lane change, the officers had no probable cause for her arrest or a reasonable, articulable suspicion of criminal activity, and as one officer stated, they only had a violation for failure to use a turn signal. Lowe asserts that the baggie of marijuana was not visible until the passenger opened her purse, and there was no indication that Lowe was aware that the passenger had concealed marijuana in her purse and had brought it in her car. Lowe also argues that the plain view doctrine does not provide a basis for the search because, although a small amount of marijuana was seized from the passenger's purse, there was no contraband in plain view in her vehicle at the time her car was searched. She also contends that the search could not be upheld as a search incident to arrest or under exigent circumstances.

According to the State, the search of the vehicle was valid as a search incident to arrest and under the vehicle exception to the Fourth Amendment. The State contends that under the plain view doctrine, once police observed the passenger's

marijuana, law enforcement then had the right to (1) search the vehicle incident to the

arrest of an occupant, and (2) probable cause to believe the vehicle would contain

evidence of a crime.

> The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U. S. Const. Amend. IV. Ordinarily, a search is deemed to be reasonable when conducted pursuant to a judicial warrant, which the Fourth Amendment requires to be supported by probable cause. Id. ("[N]o Warrants shall issue, but upon probable cause, supported by Oath and affirmation[.]"); see also *Mincey v. Arizona*, 437 U. S. 385, 390 (98 SCt 2408, 57 LE2d 290) (1978). Searches conducted without a warrant are unreasonable under the Fourth Amendment unless they fall within a well-established exception to the warrant requirement. *Arizona v. Gant*, 556 U. S. 332, 338 (129 SCt 1710, 173 LE2d 485) (2009); *Williams v. State*, 296 Ga. 817, 819 (771 SE2d 373) (2015). Some such exceptions include searches conducted pursuant to consent, the existence of exigent circumstances, and searches incident to a lawful arrest.

*Caffee v. State*, 303 Ga. 557, 560 (2) (814 SE2d 386) (2018) (noting also that

established exceptions to the warrant requirement include the automobile exception

and a search incident to arrest). Although, "[v]alid consent to search obviates the need

for either a warrant or probable cause, . . . most other warrantless searches [including

the automobile exception and search-incident-to arrest exception] require probable cause as a necessary precondition." (Citation omitted.) Id. And, "no amount of probable cause can justify a warrantless search absent an exception to the warrant requirement." Id. at 562 (2) (a).

*Automobile Exception*

"The 'automobile exception' to the search warrant requirement is premised upon two characteristics of automobiles[,]. . . . their 'ready mobility. . . . [and] the diminished expectation of privacy in a car." (Citations omitted.) *State v. Lejeune*, 276 Ga. 179, 182 (2) (576 SE2d 888) (2003).

> Under the automobile exception to the warrant requirement imposed by the Fourth Amendment, a police officer may search a car without a warrant if he has probable cause to believe the car contains contraband, even if there is no exigency preventing the officer from getting a search warrant. Probable cause to search an automobile exists when the facts and circumstances before the officer are such as would lead a reasonably discreet and prudent man to believe that the contents of the vehicle offend the law. This inquiry is based on the totality of circumstances surrounding a transaction.

8

(Citations and punctuation omitted.) *Ross v. State*, 323 Ga. App. 28, 29 (1) (747 SE2d 81) (2013). Additionally, upon a showing of probable cause, the officer can search the entire vehicle, "including all containers and packages that may contain such contraband." (Footnote omitted.) *Brown v. State*, 311 Ga. App. 405, 408 (2) (715 SE2d 802) (2011). The State bears the burden of proof in establishing that the search falls within a recognizable exception. See OCGA § 17-5-30 (b)[3]; *State v. Kuhnhausen*, 289 Ga. App. 489, 491 (2) (657 SE2d 592) (2008) ("Once a defendant files a motion to suppress alleging an illegal search and seizure, the [S]tate bears the burden of proving that the search is lawful.") (footnote omitted).

Here, the trial court found probable cause existed for the warrantless search of Lowe's car for contraband under the automobile exception because the "mesh bag and the alleged marijuana were observed inside of [Lowe's] car [and that] [Lowe] and the passenger were seated next to each other in the vehicle." However, the automobile exception does not justify a warrantless search in the absence of probable cause to search. See *Caffee v. State*, 303 Ga. 557, 562 (2).

---

[3] The motion [to suppress] shall be in writing and state facts showing that the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion; and the burden of proving that the search and seizure were lawful shall be on the state. . . . "

A probable cause inquiry . . . is a flexible and practical assessment of probabilities given a particular factual context. The test for probable cause is based on the factual and practical considerations of everyday life on which reasonable and prudent men act. . . . When reviewing whether a police officer had probable cause to search, the focus is on whether the available facts would lead a person of reasonable caution to believe that contraband or evidence of a crime was present in the place that was searched.

(Citations and punctuation omitted.) Id. at 561 (2).

Other than proximity there is no evidence that linked Lowe to the marijuana in the passenger's wallet. Nor are there any other circumstances which might under the totality of the circumstances, justify the search of Lowe's car. The vehicle was stopped for failure to signal before changing lanes – Lowe and her passenger were not suspected of any crimes before that time, officers did not smell marijuana in the car, they did not observe any items inside the car indicative of contraband use, or observe furtive or suspicious movements between the two women. That her passenger had marijuana in her wallet and was riding in Lowe's vehicle is not sufficient to establish probable cause for a warrantless search under the automobile exception. Compare *Ferrell v. State*, 312 Ga. App. 122, 125 (2) (717 SE2d 705) (2011) (warrantless search under automobile exception lawful when facts known to officer

10

included that the driver did not slow down immediately after the officer initiated the traffic stop; the smell of marijuana was in the car; and a passenger admitted to having marijuana in her purse, together gave the officer reason to believe that there was evidence of contraband in the vehicle); *Autry v. State*, 277 Ga. App. 305, 308 (626 SE2d 528) (2006); ("[o]bjective facts known to [officer] after he lawfully stopped the van gave him probable cause to believe that the van contained contraband. These facts included the evidence of drug usage and drug paraphernalia on the floor of the front seat, the fresh 'track' marks on the arms of both men, including puncture wounds on [the defendant's] arm that had not yet coagulated, and the suspects' exhibition of symptoms of recent drug use. The warrantless search of the vehicle was therefore lawful under the automobile exception to the warrant requirement.")

Accordingly, we cannot say that given the totality of circumstance, there was probable cause under the automobile exception to believe that Lowe's vehicle contained contraband.

*Search Incident to Arrest*

We first note that the trial court did not consider nor rule on whether the search was valid under the search incident to arrest exception. And while we have under certain circumstances applied the "right for any reason" rule to reach issues

11

unaddressed by either party in order to affirm a judgment as right for any reason, it does not follow that we "apply [the] 'wrong for any reason' rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court. *City of Gainesville v. Dodd*, 275 Ga. 834 (573 SE2d 369) (2002)." *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 405 (2) (597 SE2d 494) (2004). Moreover, it is not the responsibility of this Court to make arguments for the prosecution on appeal which the prosecution never asserted in the trial court. Nevertheless, we find that the search also was invalid as a search incident to arrest.

"Among the exceptions to the warrant requirement is a search incident to lawful arrest." *Arizona v. Gant*, 556 U. S. 332, 338 (II) (129 SCt 1710, 173 LE2d 485) (2009) As held in *Gant*,

> police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

Id. at 351 (VI). The Court noted that "[b]ecause officers have many means of ensuring the safe arrest of vehicle occupants, it will be the rare case in which an

12

officer is unable to fully effectuate an arrest so that a real possibility of access to the arrestee's vehicle remains." (Citation omitted.) Id. at 343 (III), n. 4.

The State contends that the search was warranted under this exception because it was reasonable to believe that there would be contraband in Lowe's vehicle based on the passenger's possession of marijuana. It further argues that pursuant to *Gant*, the "reasonable belief" standard require[s] a lower showing of proof than 'probable cause.'" . However, the only evidence utilized to justify the search of the vehicle was that officers observed a bag of then suspected marijuana in the passenger's small wallet. Lowe and the passenger had been removed from the vehicle at the time of the search and police had secured their location. Moreover, even if, as the State asserts, the "reasonable to believe" standard articulated in *Gant* requires less than probable cause, we find the warrantless search unjustified pursuant to that standard as well.

Although in the context of a *Terry* stop, the Court in *United States v. Arvizu*, 534 U.S. 266, 273-274 (122 SCt 744, 151 LE2d 740) (2002) explained that when the standard is

> less than probable cause[,] in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot [.] . . . [and] reviewing courts . . . must look at the "totality of the circumstances" of each case to see

13

whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing.

(Citations and punctuation omitted.) Id.

Even applying this standard, under the totality of circumstances, the State's rationale for the search of the vehicle as a search incident to arrest exception fails.

*Plain View*

The plain view doctrine does not justify the search. Under the plain view doctrine, "if [a] police [officer is] lawfully in a position from which [he can] view an object, if its incriminating character is immediately apparent, and if the officer[ ] ha[s] a lawful right of access to the object, [he] may seize it without a warrant." *Minnesota v. Dickerson*, 508 U.S. 366, 374-375 (113 SCt 2130, 124 LE2d 334) (1993). See *State v. Wolf*, 317 Ga. App. 706, 710-711 (2) (732 SE2d 782) (2012) (physical precedent) ("The plain view doctrine permits a warrantless search and seizure if the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating.")

As the State concedes, the plain view doctrine would not apply to the Ajax container, but it asserts that the doctrine relates to the observation of the marijuana which then justified the search under the search incident and automobile exceptions.

However, even if the marijuana was in plain view in the open wallet, the search of Lowe's entire vehicle was not justified for the reasons discussed previously in the opinion.

Accordingly, as the State did not carry its burden of proving the search was lawful, the trial court erred in denying Lowe's motion to suppress.

*Judgment reversed. Mercier and Brown, JJ., concur.*